DVA DVA DVA DVA DVA DVA DVA DVA DVA DVA DVA DVA DVA DVA DVA DVA DVA DVA DVA DVA Can you distinguish Psy? Q1. The only way I can distinguish Psy is that Psy never really interpreted the term final judgment. Psy never got into the definition of final judgment as 241-2D-2G. And the line of cases state that final judgment is the 60th day, but without any interpretation of what final judgment is, even though it is defined in the statute. Q2. The statute clearly defines final judgment as a judgment that a spinal will not appeal. And the 60th day, anyone can file an appeal all the way up to 12 o'clock. Yes, but interestingly, in SAE, we dealt with an almost identical argument. There, it wasn't that they could file it on the computer up until midnight. But it was that they could put it in a lockbox outside the courtroom up until midnight, and we rejected that as a justification for adding in another day. Yes, it was the argument in SAE was about the lockbox outside the parking lot of the court's building. But I think that to distinguish the two cases, or distinguish from that case, I didn't see a definition or interpretation of what final judgment meant. They're very similar arguments, but final judgment has never been truly defined. I mean, it's defined by the statute, but it hasn't been applied in terms of how it applies to the Veterans Court. In SAI, it was applied to court claims, but not to the Veterans Court. In the line of cases, there are differences. But you don't contend that there are any significant differences in the rules of the Court of Federal Claims and the Veterans Court with respect to calculating these dates? You don't claim that there's something different in the rules of the Veterans Court that should lead to a contrary result, do you? Well, Your Honor, I looked at the Veterans Court's decision versus SAI that the Court of Claims had done, and the Veterans Court relies upon the decision in Luster. And in Luster, if you follow the line of cases, it appears that the court is saying that on the 60th day of final judgment, that day is not counted because the 60th day is the expiration of the date in which to file a notice of appeal to the court. To distinguish the two of them, I think they are similar. I would obviously concede that. But I don't think there's been a true interpretation of the terms final judgment. And frankly, if final judgment is the 60th day, then it just doesn't meet the statute. It's the expiration of the 60th day. No one can file an EJ application on the 60th day. It would be premature. And the expiration of a day is at 12 o'clock. So at 1159, if I were to have a veteran, for example, who died on the 60th day, final judgment could not have been on that day because under the court's rules, when a veteran dies, his claim dies with him. And it just seems to be inconsistent with the definition of the statute. But the count started on the following day. December 25th was Christmas. December 26th was a Monday. It was a federal holiday. It started on the 27th, and I counted on my fingers, and I got 31 days. December 27th was the 60th day, the very last day in which to file a notice of appeal to this court. When that day expired, which was at 12 o'clock at night, it was December 28th. The contention of Mr. Hernandez-Garcia is that final judgment doesn't occur until 12 o'clock. At 12 o'clock, I've never been here 12 o'clock, so I don't know. 12 o'clock of the 27th or 12 o'clock of the 28th? 12 o'clock is the start of a new day. It's the 28th. So you count the 28th? The 28th is the date of final judgment. That's the whole argument that the appellate raises, is that final judgment is the 28th. And each statute says that an application must be filed within 30 days. If you count the first day, which is the 28th, and you count 30 days, I would be out of luck, and I would be out of time. That's what they did, isn't it? But if you count the first day, if you file an application on that day after the 27th or the 28th, if you file it on that day, you're on the same day of final judgment. If you file it the next day, you're within one day of final judgment. If you file it within the third day, you're within two days of final judgment. So if final judgment was on the 28th, it would be January 27th, 31 days in December, counting forward. But if you count the first day, it all goes on whether or not you believe the day expires. When does the day expire? Does it expire at 12 o'clock midnight? And if it does, then when is final judgment? Final judgment can't be the 60th day because under the definition, you can still file an appeal. When that day expires, it's actually the next day. It might seem confusing. It might seem like I'm entirely lost and out of time for filing an application one day out of time. It might. It might. It's not a higher math. No, it's not. My dad wanted to have a pool in his backyard, so he had these stairs that are each 12 inches high. He's very old, and he asked the contractor to make the stairs shorter. The contractor said, sure, we'll just add four inches to every stair. But that wouldn't solve the problem because four inches would just make every stair equal height. You're right, it's not high math, but it's a question of whether or not you think that final judgment can be on the 60th day. All right, let's hear from the other side, and then we'll save your time. Mr. Carney. May it please the Court. Your Honor, less than two years ago in SAI Industries, this Court upheld a ruling by the United States Court of Federal Claims that was in sum and substance identical to the ruling that Mr. Hernandez-Garcia challenges here today. And in that decision, the Court said that it had no reason to disagree with the Court of Federal Claims' conclusion that the last day for filing an appeal is the day on which the 30-day period for filing an EJIA application begins. And the Court held that, and I would disagree with counsel for Mr. But you're saying then that they overlap by one day? Excuse me, Your Honor, that You're saying that the time that you count for filing an appeal overlaps by one day with the period running after the judgment? No, Your Honor, because the day, the clock starts to run on the last day for filing an appeal, but under the rules of court of both the Court of Federal Claims under their Rule 6A and under Rule 26A of the Veterans Court, almost identical rules, under both of those rules, you exclude the first day. The operative event is excluded from the calculation. So that day, the last day for filing your notice of appeal, is excluded when you count the 30 days. It's the next day, the first day that the decision is no longer appealable, that is then counted in the 30 days. Pardon me. And this Court held in SAI that under the normal and usual meaning and application of those terms, the terms that are found in both the rule of court and in 28 U.S.C. 2412 Section D, which contains the 30-day period, under the normal and usual meaning and application of those terms, that's the way it's calculated. You count the day after the last day for filing an appeal. And that was the decision that was reached by this Court in SAI. And as Your Honors have discussed, that decision is binding precedent, and there's no suggestion in Mr. Hernandez-Garcia's brief that the Court should revisit that decision en banc. And in fact, there was a petition for rehearing en banc in the SAI case, and this Court declined to hear that case en banc. So there is no real distinction between the facts of SAI and the facts of this case. The only distinction is that case involved Rule 6A of the Court of Federal Claims, and this case involves Rule 26A of the Veterans Court and the intersection of those rules of court and the statutory provision for Egypt. And so that is really a distinction without a difference because the rules of court are virtually identical, unless the Court has any more questions. Any questions? Okay. Thank you, Mr. Carney. Yes. Thank you, Your Honor. Mr. Raven, you have the last word. Thank you, Your Honor. As counsel suggested, the clock starts to run on the last day. If the clock starts to run on the last day on the 60th day, then an application could be filed on that day. But that's not the case. An application would be premature because a notice of appeal could still be filed on that last day up until 12 o'clock. So that simply cannot be fair logically. It's just not logical. Counsel also said that the first day that the decision is no longer appealable is the day that's not counted under the statute. The first day the decision is no longer appealable is at the expiration of the 60th day, which would have been on December 28th. I don't have anything further to add. Okay. Thank you. We will do the arithmetic. Mr. Raven, Mr. Carney, the case is taken under submission.